**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a corporation, Plaintiff,**

**v.**

**MILLER FLOORS, INC., a corporation, Defendant.**

**Civ. No. 68–287.**

United States District Court
W. D. Oklahoma.

Dec. 23, 1968.

Grey W. Saterfield, of Franklin, Harmon & Satterfield, Oklahoma City, Okl., for plaintiff.

H. J. Mesigh and Raymond E. Theimer, of Theimer & Mesigh, Oklahoma City, Okl., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, District Judge.

This action is brought under the provisions of the Interstate Commerce Act, 49 U.S.C.A. §§ 3(2) and 6(7).

Plaintiff, St. Louis-San Francisco Railway Company, has moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Plaintiff claims that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law in the amount of $338.40 alleged due for freight charges.

Defendant's Answer and reply brief do not raise any question about the tariff rate applied herein by the Plaintiff being the proper tariff rate. Plaintiff has produced exhibits showing the correct legal tariff rate on the day in question, November 1, 1966. This litigation is based on this tariff rate. The exhibit is not controverted by the Defendant. At any rate, everyone is charged with notice of the legal tariff rates.

Plaintiff charged Defendant less than the legal tariff rate for goods shipped from Miami, Florida, to Oklahoma City, and now seeks to collect the full rate established by law or an undercharge of $338.40. Plaintiff claims it must do this by law and case law supports the proposition that a carrier is required to collect the full lawful transportation rates, notwithstanding ignorance or misquotation of rates or any equitable considerations. Atlantic Coast Line R. Co. v. Clinchfield Fuel Co., D.C., 94 F.Supp. 992. No act or omission of the carrier (except the running of the statute of limitations) can estop or preclude his recovery of the full amount of the proper tariff charges, both parties to the consignment being as a matter of law charged with notice of the proper scheduled rates. Atchison, Topeka and Santa Fe Ry. Co. v. Bouziden, 307 F.2d 230 (10 Cir.1962).

In response to the Plaintiff's Motion, the Defendant, Miller Floors, Inc., denies that this matter can be disposed of by summary judgment. Defendant contends that the Court should look to certain alleged equities which lie with the Defendant. It is said that Plaintiff marked the freight waybill at a certain price and the Defendant relied upon same and that consequently the equity of the matter lies with the Defendant-consignee. However, the case of Southern Pacific Company v. Valley Frosted Foods Co., 178 Pa.Super. 217, 116 A.2d 70, 71 (1955), cited by Defendant in support of this contention, does not stand for the proposition advanced. That case involved a suit by a carrier against a consignee who had already once paid the legal tariff rate to the consignor on the representation that freight charges were to be prepaid by the consignor. The bankruptcy of the consignor left the carrier without its freight charge, though the consignee had already paid it to the consignor. The court held that the carrier was estopped by its conduct in failing to timely collect from the consignor from claiming the charges from the consignee-defendant, pointing out that the established public policy agaist preferences was not involved in such a case.

In the case of Davis v. Akron Feed & Milling Co., 296 F. 675 (6 Cir.1924), which is also cited by Defendant, the consignee there paid freight from a certain point on a representation by the carrier similar to that in the *Valley Frosted Foods* case, supra, and deducted said freight charges from the balance of the purchase price. However, the consignee was not in as good a position as the carrier to know that freight charges prior to that point had not been paid, and, if required to pay them now, it

would suffer the loss as the consignor was uncollectible. Because it made no difference to the consignee at the time the goods were delivered what amount the freight should have been, as it could have then been deducted from the purchase price, the carrier was estopped by its misrepresentation that they were paid. The estoppel was permitted because no preference, or harm to the public interest, occurred. The difference between the posted rate and the freight charged was not due to a preference, but due to "the fault, negligence, and misrepresentations of the carrier." 296 F. 675 at p. 677. In the case before the Court, Defendant Miller Floors has not shown that the full rate was, or is payable, by anyone but itself.

Defendant also claims that Plaintiff is estopped to deny that the freight rate quoted by the station agent was the true and correct rate. If quoted the correct rate, Defendant claims, it could have deducted the exact tariff rate from the purchase price of the merchandise, thereby protecting itself. However, the Tenth Circuit has held that estoppel is not a defense that can be invoked in cases where a preference results. Atchison, Topeka and Santa Fe Ry. Co. v. Bouziden, supra; Bernstein Brothers Pipe and Machinery Company v. Denver and R. G. W. R. Co., 193 F.2d 441 (10 Cir.1951).

Defendant also claims that Plaintiff is barred by laches from collecting further charges from the Defendant. The basis for this defense is that the Plaintiff waited for more than a year to advise Defendant that a higher rate should have been charged. However, this contention is without merit because the doctrine of laches is an equitable doctrine without application to a law case such as here. Am.Jur.2d, Vol. 28, Estoppel and Waiver, § 32, p. 637. The period established in which suit must be brought in a case such as this is governed by the statute of limitations.

All defenses asserted by the Defendant are without merit as a matter of law. There being no genuine issues of material facts presented in the case, Plaintiff's Motion for Summary Judgment is granted and Judgment is entered for the Plaintiff against the Defendant in the amount of $338.40.